UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAVIER POINTER,

    Plaintiff,

v.                                       Case No. 10-14057

CITY OF DETROIT and BRIAN GADWELL,

    Defendants.
                                        /

**OPINION AND ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

Defendants moved for summary judgment in the above-captioned matter on May 23, 2011. Plaintiff responded on June 13, 2011. After carefully reviewing the motion and response, the court finds it unnecessary to hold a hearing. E.D. Mich. LR 7.1(f)(2). The motion will be granted, because there is no genuine dispute over any fact material to the inquiry into whether Defendant Brian Gadwell acted under color of state law, and the court holds as a matter of law that he did not.

**I. BACKGROUND**

Plaintiff alleges that on the evening of August 17, 2010, Defendant Brian Gadwell assaulted him on the lawn of the southwest Detroit home in which he was squatting. (Resp. Br. 7, 9.) Plaintiff claims that he and his girlfriend (sometimes referred to as his fiancée) were just returning home from the store when "Buddy," looking for drugs, solicited Plaintiff. (*Id.* at 7.) While Plaintiff was explaining to Buddy that he had no drugs, Plaintiff claims Defendant Gadwell pulled up to the house in a vehicle, vulgarly admonished Plaintiff for selling drugs, and then began to beat him. (*Id.* Ex. A at 62.)

Defendant Gadwell then left the house in his vehicle, returned on foot, yelled at Plaintiff again, and then left again before the police and ambulance arrived at the scene. (*Id.* Ex. A at 66; Mot. Br. 7.)

Defendant Gadwell was in plain clothes at the time. (Mot. Br. 6.) He did not display a badge or identify himself as a police officer. (*Id.*) It is unclear whether he brandished a firearm. (*Id.*; Resp. Br. Ex. A 62-63.) He was on medical leave from his position as an officer in the Detroit Police Department from July 27 to September 27, 2010, and therefore was off duty on August 17. (Mot. Br. 7.)

Plaintiff and Defendant Gadwell knew each other. During the winter that preceded the August 17 encounter, Defendant Gadwell came upon Plaintiff while conducting an investigation of a drug house. (Resp. Br. 8.) Plaintiff claims Defendant Gadwell beat him at the time, and in the following months subjected him to various acts of physical and verbal intimidation, leading up to the incident underlying this suit. (*Id.* at 8-9.)

## II. STANDARD

Under Federal Rule of Civil Procedure 56, summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "In deciding a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor." *Sagan v. United States*, 342 F.3d 493, 497 (6th Cir. 2003). "Where the moving party has carried its burden of showing that the pleadings, depositions, answers to interrogatories, admissions and affidavits in the record, construed favorably to the nonmoving party, do

2

not raise a genuine issue of material fact for trial, entry of summary judgment is appropriate." *Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir. 1987) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)).

The court does not weigh the evidence to determine the truth of the matter, but rather to determine if the evidence produced creates a genuine issue for trial. *Sagan*, 342 F.3d at 497 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). "The moving party discharges its burden by '"showing"—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case.'" *Horton v. Potter*, 369 F.3d 906, 909 (6th Cir. 2004) (quoting *Celotex*, 477 U.S. at 325). The burden then shifts to the nonmoving party, who "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The non-moving party must put forth enough evidence to show that there exists "a genuine issue for trial." *Horton*, 369 F.3d at 909 (internal quotation marks omitted) (citing *Celotex*, 477 U.S. at 324). Summary judgment is not appropriate when "the evidence presents a sufficient disagreement to require submission to a jury." *Anderson*, 477 U.S. at 251-52.

The existence of a factual dispute alone does not, however, defeat a properly supported motion for summary judgment; the disputed factual issue must be material. *See id.* at 252 ("The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict—'whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the *onus* of proof is imposed.'" (alteration in original) (quoting *Improvement Co. v. Munson*, 81 U.S. 442, 448 (1872))). A fact is

"material" for purposes of summary judgment when proof of that fact would establish or refute an essential element of a claim or a defense advanced by either party. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984).

### III. DISCUSSION

>Title 42 U.S.C. § 1983 provides:
>
>Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

An action under § 1983 thus requires a plaintiff to prove, by a preponderance of the evidence, that the actor who caused the deprivation of rights acted under color of state law; that is, the § 1983 plaintiff must show state action.

"[A]cting under color of state law requires that a defendant in a § 1983 action [has] exercised the power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed by the authority of state law.'" *Memphis, Tenn. Area Local, Am. Postal Workers Union v. City of Memphis*, 361 F.3d 898, 903 (6th Cir. 2004) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)). The inquiry into whether an action was taken under color of law focuses on "the nature of the act performed," and whether the actor "purport[ed] to exercise official authority." *Id.* (internal quotation marks omitted). "Although in certain cases, it is possible to determine the question whether a person acted under color of state law as a matter of law, there may remain in some instances 'unanswered questions of fact regarding the proper characterization of the

4

actions' for the jury to decide." *Layne v. Sampley*, 627 F.2d 12, 13 (6th Cir. 1980) (citations omitted) (quoting *Rowe v. Tennessee*, 609 F.2d 259, 265 (6th Cir. 1979)).

Courts not infrequently find themselves in the legal gray area of deciding on which side of the state-actor line falls an off-duty police officer. *See Redding v. St. Eward*, 241 F.3d 530, 533 (6th Cir. 2001). While actions taken by a police officer certainly can constitute state action, "'[a]cts of police officers in the ambit of their personal, private pursuits fall outside 42 U.S.C. § 1983.'" *Neuens v. City of Columbus*, 303 F.3d 667, 670 (6th Cir. 2002) (quoting *Stengel v. Belcher*, 522 F.2d 438, 440 (6th Cir. 1975)). The resolution turns on the facts of a given case, and the analysis has been conducted under the "symbiotic" or "nexus" test for state action. *Chapman v. Higbee Co.*, 319 F.3d 825, 834 (6th Cir. 2003) (en banc). In looking to the nature of the officer's act, many factors can be considered. "[M]anifestations of official authority include flashing a badge, identifying oneself as a police officer, placing an individual under arrest, or intervening in a dispute between third parties pursuant to a duty imposed by police department regulations." *Am. Postal*, 361 F.3d at 903 (citing *Layne*, 627 at 13).

Thus, the Sixth Circuit has found it possible for off-duty police officers to be acting under color of state law, *see, e.g.*, *Parks v. City of Columbus*, 395 F.3d 643, 646, 652 (6th Cir. 2005) (holding off-duty officer was acting under color of law when he ordered plaintiff to move, because he was wearing a uniform, displayed his badge, identified himself as a police officer, and threatened arrest); *Chapman*, 319 F.3d at 834-35 (finding a genuine issue of fact precluding summary judgment where off-duty police officer was dressed in uniform with his badge and firearm and initiated a strip search of

5

a suspected shoplifter, but did not identify himself as an officer or threaten arrest); *Layne*, 627 F.2d at 13 (reinstating jury verdict for the plaintiff where evidence supported a finding that off-duty officer acted under color of law even though he was on vacation, because he was in a dispute with the plaintiff that arose out of his "police duties" and shot plaintiff with a revolver that he was legally allowed to carry only because he was an officer); *see also Am. Postal*, 361 F.3d at 903-04 (holding plaintiff sufficiently pleaded state action where off-duty officers allegedly threatened arrest and intimidated union picketers), and it is possible for off-duty officers not to be acting under color of state law, *see, e.g.*, *Neuens*, 303 F.3d at 670-71 (observing that "[t]he record clearly demonstrates that [the officer] was acting in his private capacity" where he was in plain clothes, did not display a badge, and the plaintiff was not aware the off-duty officer was an officer); *Redding*, 241 F.3d at 533 (holding summary judgment appropriate because there was no state action where off-duty officer was not in uniform and did not arrest or direct other officers to arrest plaintiff when she called police because the plaintiff was banging on the door and window of the home in which she was sleeping).

Whatever occurred on August 17, 2010, Defendant Gadwell was not acting under color of state law.  As a starting point, there is no dispute that Defendant Gadwell was off duty, in plain clothes, and that he did not identify himself as a police officer, flash a badge, intervene between third parties, make an arrest, or threaten arrest.  None of these factors is controlling of the state-action determination, but as is illustrated by the cases cited above, all weigh against a finding of state action.

Plaintiff attempts to sway the court by highlighting that Defendant Gadwell was well-known in this area of southwest Detroit as a police officer, since he both grew up in

that neighborhood as a child and he patrols it as an adult. This matters, Plaintiff says, because the people of that neighborhood recognize Defendant Gadwell as an officer, and therefore when he takes action, it is regarded as if the state is taking action.

But Defendant Gadwell's notoriety cuts both ways. Viewing the evidence in the light most favorable to Plaintiff—and therefore assuming that Defendant Gadwell assaulted Plaintiff—he appears to have acted in his private capacity as a concerned citizen of the neighborhood, rather than in his official capacity as a police officer. A § 1983 plaintiff's knowledge of the occupation of the § 1983 police officer-defendant, while likely relevant to the state-action analysis, is not sufficient to subsume the complete absence of the other typical indicia of police activity—being on duty, wearing a uniform, identifying oneself as a police officer, displaying a badge, or attempting to make an arrest.[1] To hold otherwise would be to say that any action taken by an off-duty officer in his neighborhood or against a person who knows he is a police officer rises to a constitutional tort. The precedent in this Circuit does not permit that result. The motion must be granted with respect to Defendant Gadwell.

---

[1] The parties dispute whether Defendant Gadwell possessed a firearm at the time of the incident. This dispute does not preclude a finding of summary judgment, however, because it is not material. Defendant Gadwell's weapon and badge were held by the police department while he was on medical leave, and therefore any weapon in his possession was not a police-issued firearm. Further, even had Defendant Gadwell brandished his duty firearm during the altercation, such an action would be insufficient to transform his actions into state action in light of the other facts considered here.
Plaintiff also highlights that Defendant Gadwell was assigned to a plain-clothes unit. While this observation mitigates the importance of the absence of a uniform to the court's finding of no state action here, it certainly does not weigh in favor of a finding of state action, as officers in such units wear plain clothes both when acting for the state and when acting in a private capacity.

This result compels a grant in favor of the municipal Defendant, too. The City of Detroit may be held liable for Defendant Gadwell's actions if it had a custom or implemented a policy that directly caused the constitutional violations alleged. *Miller v. Sanilac Cnty.*, 606 F.3d 240, 254-55 (6th Cir. 2010) ("To succeed on a municipal liability claim, a plaintiff must establish that his or her constitutional rights were violated and that a policy or custom of the municipality was the 'moving force' behind the deprivation of the plaintiff's rights." (citing *Powers v. Hamilton Cnty. Pub. Defender Comm'n*, 501 F.3d 592, 606-07 (6th Cir. 2007))); *Doe v. Claiborne Cnty., Tenn.*, 103 F.3d 495, 508 (6th Cir. 1996) ("In addition to showing that the [municipality] as an entity caused the constitutional violation, plaintiff must also show a direct causal link between the custom and the constitutional deprivation; that is, she must show that the particular injury was incurred *because* of the execution of that policy." (internal quotation marks omitted)). The court need not decide whether there is a genuine dispute over the existence of such a custom or policy, however, because even if there were, it did not lead to Defendant Gadwell's actions, as he was acting in a private capacity at the time of the alleged incident. Because Defendant Gadwell's alleged actions were not caused by Defendant City of Detroit's custom or policy, the city is entitled to summary judgment in its favor. *See Burris v. Thorpe*, 166 F. App'x 799, 803 (6th Cir. 2006) (holding that where officer did not act under color of state law, city could not be held liable under § 1983); *Corder v. Metro. Gov't of Nashville and Davidson Cnty., Tenn.*, No. 89-5699, 1990 WL 33708, at *3 (6th Cir. Mar. 27, 1990).

## IV. CONCLUSION

For the foregoing reasons, IT IS ORDERED that Defendants' "Motion for Summary Judgment" [Dkt. # 18] is GRANTED.  Judgment will follow separately.

      s/Robert H. Cleland                      
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  June 29, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 29, 2011, by electronic and/or ordinary mail.

      s/Lisa Wagner                             
Case Manager and Deputy Clerk
(313) 234-5522